UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

MARQUIS TISDALE,

                          Petitioner,                            23-CR-6172-FPG
                                                                                       24-CV-6256-FPG

v.

                                                                                       DECISION AND ORDER

UNITED STATES OF AMERICA,

                          Respondent.

## INTRODUCTION

On April 15, 2024, this Court entered judgment of conviction against Petitioner Marquis Tisdale for a term of imprisonment of 121 months. ECF No. 298. Less than two weeks later, Petitioner filed a motion to vacate his convictions pursuant to 28 U.S.C. § 2255. ECF No. 301. The government opposes the motion. ECF No. 308. For the reasons stated herein, Petitioner's motion is DENIED.

## BACKGROUND

From 2019 to September 2021, Petitioner ran a drug trafficking organization in which he supplied drug houses in Rochester with large quantities of cocaine. ECF No. 286 at 3-4; ECF No. 295 at 7. Petitioner used his club, located at 777 Culver Road, to store and distribute cocaine. *See* ECF No. 295 at 16. On September 29, 2021, police executed a search warrant at Petitioner's club, during which they discovered several firearms and ammunition. *Id.* at 18. In January 2024, Petitioner pleaded guilty, pursuant to a plea agreement, to one count of narcotics conspiracy and one count of felon in possession of firearms. ECF Nos. 285, 286, 288. At the plea hearing, Petitioner stated under oath that he was satisfied with the services of his attorney, John L. DeMarco, ECF No. 304 at 10, that he was not coerced into pleading guilty, *id.*, that he understood the charges against him, *id.* at 13-14, that he understood and admitted the factual basis for his plea, *id.* at 15-19, and that he possessed three firearms that were uncovered during the search of his club,

*id.* at 18-20.  The Court accepted Petitioner's plea based on his representations.  *See id.* at 35.  On April 9, 2024, the Court held Petitioner's sentencing hearing.  ECF No. 297.  Petitioner apologized for his actions and admitted that he had "made some bad choices."  ECF No. 305 at 7-8.  On April 15, 2024, this Court entered judgment against Petitioner.  ECF No. 298.

On April 26, 2024, Petitioner filed a letter motion in which he requests that the Court dismiss Count 2—the firearms charge—and subtract two levels from his total offense level.  ECF No. 301 at 3-4.  On July 8, 2024, the government filed its opposition to the motion.  ECF No. 308.  Petitioner did not file a reply.

## DISCUSSION

In substance, Petitioner raises three arguments supporting his motion, all of which can be resolved in short order.

First, Petitioner appears to argue that, as a felon convicted of a nonviolent offense, he had a Second Amendment right to possess the firearms at issue.  *See* ECF No. 301 at 2.  Second Circuit precedent forecloses Petitioner's argument.

In the seminal Second Amendment cases of *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), the Supreme Court made clear that the standards it announced did not "cast doubt on longstanding prohibitions on the possession of firearms by felons."  *Heller*, 554 U.S. at 626; *see also McDonald*, 561 U.S. at 786 ("We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons and the mentally ill . . . .  We repeat those assurances here.").  Taking these assurances at face value, the Second Circuit has rejected the argument that Section 922(g)(1) "violates [a defendant's] Second Amendment right to keep and bear arms."  *United States v. Bogle*, 717 F.3d 281, 281 (2d Cir. 2013) (per curiam).

As a district court within the Second Circuit, this Court is required to follow *Bogle* "unless and until it is overruled in a precedential opinion by the Second Circuit itself or unless a subsequent decision of the Supreme Court so undermines it that it will almost inevitably be overruled by the Second Circuit." *United States v. Diaz*, 122 F. Supp. 3d 165, 179 (S.D.N.Y. 2015) (internal quotation marks omitted). The Second Circuit has not overruled *Bogle* but has instead repeatedly reaffirmed its holding. *See United States v. Brillon*, No. 22-2956-cr, 2024 WL 392949, at *1 (2d Cir. Feb. 2, 2024); *Johnson El v. Chambers*, No. 20-3377, 2021 WL 4484929, at *2 (2d Cir. Oct. 1, 2021) (summary order) ("The Supreme Court has clearly stated that prohibitions on the possession of firearms by felons do not violate the Second Amendment." (internal quotation marks omitted)); *United States v. Jimenez*, 895 F.3d 228, 233 (2d Cir. 2018). Likewise, subsequent Supreme Court decisions have not undermined *Bogle*'s view of *Heller* and *McDonald*. In *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), the Supreme Court reaffirmed *Heller* and *McDonald* in the course of clarifying the specific standards to be applied for Second Amendment claims. *See Bruen*, 597 U.S. at 9. And in the recent case of *United States v. Rahimi*, No. 22-915, 2024 WL 3074728 (U.S. June 21, 2024), the Supreme Court favorably quoted *Heller*'s statement on firearm restrictions for felons. *See Rahimi*, 2024 WL 3074728, at *10.

Therefore, while there is certainly active debate regarding the constitutionality of Section 922(g)(1) in light of *Bruen*, *see United States v. Chaney*, No. 23-CR-451, 2024 WL 2293759, at *3 (E.D.N.Y. May 21, 2024) (collecting cases and noting the "deep divide among courts analyzing Section 922(g)(1) after *Bruen*"), this Court cannot conclude that the Supreme Court's recent decisions in *Bruen* and *Rahimi* so undermine *Bogle* "that it will almost inevitably be overruled." *Diaz*, 122 F. Supp. 3d at 179. As a result, this Court must follow *Bogle* and reject Petitioner's

3

claim.[1]  *See Bogle*, 717 F.3d at 281-82 ("§ 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons.").

Second, Petitioner contends that there was insufficient evidence to support the allegation that he possessed the firearms found at his club.  ECF No. 301 at 1-2.  Whether the Court frames Petitioner's challenge as one to the factual basis for the plea, *see* Fed. R. Crim P. 11(b)(3), or to the two-level guideline increase for possession of a dangerous weapon, *see* U.S.S.G. § 2D1.1(b)(1), Petitioner's argument lacks merit.  As Petitioner concedes in his motion, police found three firearms at the club he maintained at 777 Culver Road.  *See* ECF No. 301 at 1.  At the plea hearing, he admitted under oath that he knew the firearms were there and that he possessed those firearms to further his drug trafficking activities.  *See* ECF No. 304 at 18-19.  Petitioner's new, self-serving claim that he had no connection to the firearms is facially unreliable.  *See, e.g.*, *Mejia v. United States*, 740 F. Supp. 2d 426, 429 (S.D.N.Y. 2010) ("A defendant's bare allegations in a § 2255 petition cannot overcome his contrary statements under oath during a plea allocution, which must be given presumptive force of truth.").

Accordingly, this evidence supported a finding that Petitioner possessed the firearms, even if, as Petitioner now argues, the guns were "not registered" to him and did not have "[his] fingerprints" on them.  ECF No. 301 at 2.  One can "constructively possess[]" a weapon by maintaining "dominion over the premises where the item was located." *United States v. Herrera*, 446 F.3d 283, 287 (2d Cir. 2006) (internal brackets omitted).  Likewise, Petitioner's allegation that another co-conspirator admitted to "owning" the firearms does not preclude the finding that Petitioner also possessed them.  ECF No. 301 at 2; *see Herrera*, 446 F.3d at 288 (evidence that two individuals were "jointly responsible for the stash houses" and both "exercised personal

---

[1] For the same reason, Petitioner cannot sustain a claim for ineffective assistance of counsel based on his attorney's failure to raise this issue.  *See United States v. Croitoru*, 306 F. App'x 662, 664 (2d Cir. 2009) (summary order) ("[F]ailure to make a meritless argument does not amount to ineffective assistance."); ECF No. 301 at 3.

dominion and control over the firearms in those locations" supported the conclusion that both individuals "possessed" the firearm in connection with the drug conspiracy). Petitioner is not entitled to relief on this ground.

Third, Petitioner raises a range of conclusory claims regarding ineffective assistance of counsel. For example, he writes that his attorney failed to represent him at sentencing "to the fullest," failed to "file or oppose certain motions," failed to "make certain objections on time," failed to advise Petitioner of the "facts and consequences" of executing the plea agreement, and failed to object to the Presentence Investigation Report. ECF No. 301 at 3. None of Petitioner's arguments is supported by details as to what, in substance, Petitioner believes his attorney failed to do. The government pointed this out in its opposition, ECF No. 308 at 8-14, but Petitioner chose not to file a reply brief with additional details. Based on the present record, Petitioner's arguments cannot support his motion for habeas relief.[2] *See, e.g.*, *Kimbrough v. Bradt*, 949 F. Supp. 2d 341, 355 (N.D.N.Y. 2013) ("It is well-settled in this Circuit that vague and conclusory allegations that are unsupported by specific factual averments are insufficient to state a viable claim for habeas relief."); *Bennfield v. Kirkpatrick*, 741 F. Supp. 2d 447, 452 (W.D.N.Y. 2010) ("On habeas review, petitioner's generalized and vague claims of counsel's ineffectiveness are insufficient to state a *Strickland* claim." (internal brackets and ellipsis omitted)).

## CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate (ECF No. 301) is DENIED. Because Petitioner has failed to make "a substantial showing of the denial of a constitutional right,"

---

[2] In a letter requesting appointment of counsel, Petitioner states that one of his complaints is that he had "limited to almost no communication" with defense counsel. ECF No. 310 at 1. This complaint—particularly given the absence of any alleged prejudice—cannot succeed. *See Lopez v. United States*, No. 18-CR-148, 2024 WL 2268703, at *7 n.3 (W.D.N.Y. May 20, 2024) ("[C]ourts have consistently held that the brevity of consultation time between a defendant and his counsel alone cannot support a claim of ineffective assistance of counsel." (internal quotation marks omitted)); *see also Boyland v. Artus*, 734 F. App'x 18, 20 (2d Cir. 2018) (summary order) (stating that, "[t]o establish a claim for ineffective assistance of counsel under the Sixth Amendment, a petitioner must show not only "that counsel's representation was objectively deficient," but also "ensuing prejudice").

28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.  The Clerk of Court is directed to close the civil case associated with the petition (Case No. 6:24-CV-6256).

    IT IS SO ORDERED.

Dated: September 12, 2024
       Rochester, New York

                                                    _____
                                                    HON. FRANK P. GERACI, JR.
                                                    United States District Judge
                                                    Western District of New York